UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **KEITH E. MILLER,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:05cv0179 AS |
| | ) | |
| **CECIL DAVIS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about May 10, 2005, *pro se* petitioner, Keith E. Miller, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on October 11, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on October 27, 2005, which this Court has carefully examined.

The petitioner is serving a sentence imposed in Indianapolis, Indiana a convicted felon serving a sentence imposed by a court in the State of Indiana in 1998. In fact, he is serving two concurrent 50-year sentences imposed in Marion County, Indiana for dealing in cocaine. For ease of reference, this court notes and cites an unpublished decision of the Court of Appeals of Indiana entered February 2, 2005 which is attached hereto and incorporated herein as Appendix "A". Mr. Miller did not file a petition for transfer to the Indiana Supreme Court from the Indiana Court of Appeals decision affirming his conviction. The petitioner

is entitled to whatever benefits he is entitled to under *Houston v. Lack,* 487 U.S. 266 (1988).

Mr. Miller's claim is that his trial counsel was ineffective for failing to challenge the state's failure to prove that the scale used to weigh the cocaine had been calibrated correctly both before and after the cocaine was weighed. On direct appeal he claimed that the state did not establish a proper chain of custody to support the admission of the cocaine into evidence. The appellate court found that the state had established a proper chain of custody, and that the trial court did not commit err in admitting the cocaine. In his petition for post-conviction relief he claimed that he was denied effective assistance of trial counsel and appellate counsel. The state appellate court found that he had not been denied effective assistance of trial or appellate counsel.

To the extent that Mr. Miller is arguing his trial counsel was ineffective, his claim is without merit. Ineffective assistance of counsel claims are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on this claim, Mr. Miller must demonstrate that his trial counsel's performance was deficient, and that absent that deficiency there is a reasonable probability of a different outcome. In other words, that Mr. Miller was prejudiced by the deficiency. The Indiana Court of Appeals used this standard in determining that Mr. Miller's trial counsel was not ineffective.

The Indiana Court of Appeals held that Mr. Miller's trial counsel was not ineffective because Mr. Miller was not prejudiced by his trial counsel's failure to object to the state not introducing evidence regarding the accuracy of the scale used to measure the cocaine because

2

that court found that the state could have met its foundational burden of showing the accuracy of the scale in several ways. Mr. Miller has not established that there is a reasonable probability that the outcome of the trial would have been different if this trial counsel had objected. Like the state appellate court stated, the state could have had another qualified supervisor testify, or could have moved for a continuance until the witness who weighed the cocaine returned from vacation. Accordingly, his claim of ineffective assistance of counsel is denied.

Mr. Miller appears to also argue that the cocaine was erroneously admitted by the trial court because the state failed to establish a foundation with respect to the scale's accuracy. In his traverse, Mr. Miller argues that his claim is cognizable for federal review because he is alleging a due process violation. He says his state petition for post-conviction relief was wrongly denied on procedural grounds that improperly shifted the burden of proof from the state to him. The respondent argues that the trial court's decision to admit the cocaine is a question of admissibility of evidence, therefore not cognizable for federal review because it is a question of state law.

In *Estelle v. McGuire* the Court held "...it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Accordingly, Mr. Miller's claim that the cocaine was erroneously admitted only states a claim if that admission

3

violated his federal constitutional rights. Mr. Miller argues that because the state failed to establish the accuracy of the scale used to weigh the cocaine, the cocaine should not have been admitted at trial. On direct appeal, the Indiana Court of Appeals held that the stated established a chain of custody regarding the cocaine, and that it was therefore properly admitted at trial.

The Indiana Court of Appeals addressed this issue again in establishing that Mr. Miller's trial counsel was not ineffective. In its order of February 5, 2005, the court stated that pursuant to Indiana law when a defendant is charged with a drug offense that is determined by the weight of the substance involved, the state must prove that the scale used to weigh the substance was tested for accuracy before and after its use. *Wattley v. State*, 721 N.E.2d 353 (Ind. Ct. App. 1999). The court went on to say that evidence regarding a scale's accuracy is foundational evidence, not an element of the crime citing *Guardian v. State*, 743 N.E.2d 1251 (Ind. Ct. App. 2001). Accordingly, the state must only introduce evidence regarding the scale's accuracy if the defense objects that the state has not laid the proper foundation. In this case, Mr. Miller's trial counsel, as discussed above, did not object.

Mr. Miller argues that the Indiana Court of Appeals incorrectly concluded that the state could have met its burden of proof if the defense had objected. He alleges that because the court didn't address is claim that the state failed to produce sufficient evidence to prove that the cocaine weighed three grams or more, and that the weight is an essential element of the crime. He argues that because every element of the crime was not proven beyond a

4

reasonable doubt, his constitutional due process rights were violated. Mr. Miller is mistaken.

The Indiana Court of Appeals applied Indiana law finding a scale's accuracy is foundational evidence, not an element of the crime. In this case, Mr. Miller's attorney objected to the chain of custody, but not the state's failure to establish foundational evidence regarding the accuracy of the scale. Because evidence regarding the accuracy of the scale was foundational, and not an element of the crime, the defense's failure to object waived the issue for appeal. *Guardian v. State*, 743 N.E.2d at 1255. Mr. Miller's federal constitutional rights were not violated by the state trial court's admission of the cocaine, nor was his trial counsel ineffective for failing to object to the state's failure to establish the accuracy of the scale.

For all of the reasons stated, the petition for writ of habeas corpus is DENIED.

SO ORDERED.

ENTERED: December 7, 2005

                                              S/ ALLEN SHARP
                                      ALLEN SHARP, JUDGE
                                      UNITED STATES DISTRICT COURT